ALSTON et al. v. PORTER et al.—219 S. W. (2d) 745.

Middle Section.   January 27, 1949.

Petition for Certiorari denied by Supreme Court, May 6, 1949.

A. G. Ewing, of Nashville, for appellants.

Bailey & Powell and Dunn & Davis, all of Nashville, for appellees.

HOWELL, J.  The original bill in this case was filed by the complainants Mrs. Addie Alston and Mrs. Lelia Dee against Mrs. Anderson Porter, Jr. and alleged that an error had been made in the office of a firm of Nashville lawyers in the writing of deed to some property in Davidson County in that the deed as written contained descriptions of two small tracts of land when as a matter of fact only one tract was contracted for and purchased by the defendant.  The bill prayed that this mistake be corrected and that all right, title, claim and interest vested in the defendant by this erroneous deed be divested out of her and vested in the complainants or that the deed be reformed so as to convey only the land purchased by the defendant.  The defendant answered this bill and disclosed that after the execution of the deed as set out in this bill, she had conveyed the property in question to Mrs. Florence Gupton and Mrs. Chloe B. Brown.  She denied that there was any error in the description in the deed or that any mistake had been made.  The complainants then filed an Amended and Supplemental bill to which they made Mrs. Gupton and Mrs. Brown defendants and renewed the prayer that the title to the land included in this deed by mistake be divested out of the defendants and vested in them.  An answer was filed to this amended and supplemental bill denying the material allegations thereof.

Upon the hearing the Chancellor found that "the record established by a clear preponderance of the evidence, that

the deed in question included tracts Nos. 1 and 2, whereas, the agreement and understanding of the parties was for the purchase of tract No. 2, for a consideration of $1200.00.

"Thus, the inclusion of tract No. 1 in the description written in the deed, was an inadvertence and mistake, and complainant is entitled to have same corrected by decree of this Court.

"To refuse a decree of correction would be inequitable and unconscionable."

A decree in accord with the finding and opinion of the Chancellor was entered divesting the title to Tract No. 1 out of the defendants and vesting it in the complainants.

The defendants have appealed from that decree to this Court and have assigned errors.

We do not deem it necessary here to set out in detail the negotiations and transactions between these parties or those representing them that led to the execution and delivery of the deed in which the alleged error was made. We have carefully read and studied the testimony filed in the case and considered the arguments of counsel and find the material facts to be that the complainants were the owners of two small tracts of land in Davidson County, the one referred to as tract No. 1, being Lots 13, 14, 15 and 16 on the map of Shields Antioc Lands and the other or tract No. 2, being a piece of land containing about one acre on which was the residence of complainants' Mother who had died and complainant inherited the land along with other heirs. By quitclaim deeds the complainants had acquired the interest of the other heirs in the land. These complainants lived out of the State and did not take part in any of the negotiations for the sale of the land but left the disposition of it to others in-

cluding their lawyer in Nashville and the administratrix of the estate of their Mother. The lawyer was notified that a sale of the one tract on which the residence was located for $1,200 had been agreed upon and also talked to the Mother of one of the defendants who was doing the negotiating for them. He then with the assistance of his stenographer who did the typewriting, prepared the deed by having the blanks filled in in a printed form and in giving the information to this stenographer for the descriptions he handed her a title letter which had been prepared by the Tennessee Title Company as to the two tracts of land in connection with some negotiations with other parties and she got the descriptions from that letter and therefore through error inserted descriptions of two tracts when only one was intended to be conveyed. The deed was sent to the complainants, executed by them and returned to the lawyer. It was then handed to the Mother of the original defendant and the $1,200 paid. The lawyer then went to the Court House to pay the back taxes upon the one piece of property sold and afterwards discovered that he had included both tracts in the deed when only the house and the one acre tract had been sold. He then prepared a deed of correction which the defendants declined to execute. The bill was then filed.

The testimony introduced by the complainants is clear, cogent and convincing that only one tract of land, the one acre upon which the house was located, was purchased by the defendants and only this tract was intended to be conveyed. It is also clear that the description of the second tract was included in the typewritten deed by the stenographer by reason of a mistake of the attorney by whom she was employed. A Court of Equity will correct such a mistake.

632

The Supreme Court in the old case of Hicks v. Gooch, 3 Shan. Cases, 447, on page 451, said:

"It is stated to be the well-defined and well-established rule upon this subject, that when the mistake is of so fundamental a character that the minds of the parties have never, in fact, met; or where an unconscionable advantage has been gained by mistake or misapprehension, and there was no gross negligence on the part of plaintiff, either in falling into the error, or in not sooner claiming redress, and no intervening rights have accrued, and the parties may still be placed *in statu quo,* equity will interpose in its discretion to prevent intolerable injustice."

In Vol. 19, American Jurisprudence Section 53, on page 73 under the heading "Relief—Mistakes of Fact," it is said:

"A court of chancery has jurisdiction to relieve parties from the consequences of a mistake of fact, and at an earlier time the mistakes for which relief was granted were principally mistakes of fact. This principle applies to many cases of ignorance or mistake on both sides, as well as to cases of studied suppression or concealment of material facts by one of the parties amounting in effect to a fraud, and rests for its foundation on the ground that an ignorance of facts, unlike ignorance of law, does not import culpable negligence, since no person can be presumed to be acquainted with all matters of fact and cannot by any degree of diligence in all cases acquire that knowledge. Therefore, to permit the just rights of a party to be lost for such a reason, when relief would not be prejudicial to the rights of others, would be manifestly unrighteous and inequitable."

In this case the deed, by reason of the mistake in inserting the descriptions, did not express the agreement of

the parties. They had agreed on a trade involving the house and about one acre of land for $1,200. Through an error the deed included another tract of land worth about $400 which it was not the intention of the seller to sell to these defendants and the purchase of which was not originally contemplated by the defendants.

The Chancellor was correct and the finding of fact is amply supported by the great weight of the evidence.

We find no reversible errors in the rulings upon exceptions to testimony.

The assignments of error are overruled and the decree of the Chancellor is affirmed with costs.

Affirmed.

Felts and Hickerson, JJ., concur.